Edward S. Silver, S.
The petitioners as an incident to their accounting seek a determination of their right as administratrices to dispose of a 20-grave burial plot in Beth Moses Cemetery, Pinelawn, N. Y.
The petitioners say no more than “ that the decedent was the owner, jointly with her husband David Turkish, who predeceased her, of a cemetery plot * * * Beth Moses Cemetery, Pine-lawn, New York ” and that they are in doubt as to their right, if any, to dispose of same.
The petition alleges that there have been no burials in the plot in question. The law is quite clear that after a burial therein, a cemetery plot would be inalienable except as otherwise provided (Membership Corporations Law, § 84, subd. 6). There is every reason in logic and sentiment for destroying the alien-ability of a lot once a burial has been made therein. A stranger should not be permitted to exercise any domination over a decedent’s remains. It is abhorrent and shocking to normal sensibilities that the survivors of close blood should be denied the solace of burial together, or that those already interred should have 'strangers buried in their midst in their family plot (see Jackson, Law of Cadavers [2d ed.], p. 365).
The law recognizes and seeks to effectuate the natural desire of man to rest with his own people by restricting alienability once an interment has been made. This is no new concept. Indeed, we find it beautifully set forth in the Bible. ‘1 And Sarah died s * * and Abraham came to mourn for Sarah and to weep for her * # * and Abraham spoke unto the children of Heth, saying * * * ‘ give me a possession of a burying-place * * * that I may bury my dead * * *. I will give the price of the field ’ * * * and Abraham weighed *601 * * * four hundred shekels of silver * * *. So the field * * * which was in Machpelah * * * and the cave which was therein * * * were made sure unto Abraham for a possession * ® *. And after this, Abraham buried Sarah his wife in the cave of the field of Machpelah * * * and the field and the cave * * * were made sure unto Abraham for a possession ”. (Genesis XXIII, 2-20.) Abraham (Genesis XXV, 9) and other of his descendants were also buried in the family plot in the cave of Machpelah — Issac, Robeckah and Leah (Genesis XLIX, 31) and Jacob (Genesis L, 13). 11 Such contiguity in burial was not only a sentiment, but to aid records of kinship, pedigree and family history through such assembling of graves and chosen memorials.” (Clarke v. Keating, 183 App. Div. 212, 213.)
Subdivision 6 of section 84 of the Membership Corporations Law provides as follows: “ Upon the death of an owner or co-owner of any lot, plot or part thereof, unless the same shall be held in joint tenancy, or tenancy by the entirety, the interest of the deceased lot owner shall pass to the devisees of such lot owner, but if such interest be not effectually devised, then to his or her descendants then surviving, and if there be none, then to the surviving spouse, and if there be none, then to those entitled to take the real and personal property of the deceased lot owner pursuant to article three of the decedent estate law, provided, however, that no interest in any lot, plot or part thereof shall pass by any residuary or other general clause in a will and such interest shall pass by will only if the lot, plot or part thereof sought to be devised is specifically referred to in such will.”
In the matter before the court there being no interments, there are no restrictions upon alienability. The deceased owned the cemetery plot jointly with her husband who had predeceased her so that the right of possession and control of the burial plot vested in the widow upon the death of her predeceased husband.
Upon the death of the decedent herein, the burial rights to the cemetery plot passed to her heirs at law (Membership Corporations Law, § 84). The burial rights having passed to the heirs at law of the decedent, the administratices of the estate have no rights in respect to the disposition of the cemetery plot.